**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ISAIAH COCHRAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:26-cv-1098 |
| | ) |
| KURTIS WINEGARDNER | ) JURY TRIAL DEMANDED |
| | ) |
| in his individual capacity, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

On May 6, 2022, Plaintiff Isaiah Cochran was an inmate in the Missouri Department of Corrections ("MDOC"). On that day, Mr. Cochran was assaulted by Defendant Kurtis Winegardner, an employee of MODC. Defendant Winegardner was known to be part of a group of employees nicknamed the "Hit Squad" because of their repeated use of excessive force.  Mr. Cochran brings this lawsuit against Defendant Winegardner.

## JURISDICTION AND VENUE

1.      This claim is brought pursuant to 42 U.S.C. § 1983 and the Eighth Amendment, as incorporated as against States and their municipal divisions through the Fourteenth Amendment.

2.      The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution of the United States and § 1343(a)(3) to redress the deprivation of rights secured by the Constitution of the United States.

3.      Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in St. Louis County, MO.

4.      Divisional venue is proper in the Eastern Division because a substantial part of the events leading to the claims for relief arose in St. Louis County, Missouri. E.D. Mo. L.R. 2.07(A)(1), (B)(1).

5.      Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Defendant Kurtis Winegardner was employed as a sergeant with the Missouri Eastern Correctional Center ("MECC") in Pacific, MO.  He is sued in his individual capacity. At all times, Defendant was acting under color of state law.

7.      As of the date of this incident, Plaintiff Cochran was incarcerated at the Missouri Eastern Correctional Center ("MECC") in Pacific, MO.  He is no longer incarcerated.

## FACTS

8.      On May 6, 2022, a dispute occurred in the cafeteria at MECC. As a result of the dispute, Plaintiff Cochran was handcuffed with his hands behind his back.

9.      Defendant Winegardner was assigned the task of moving Plaintiff out of the cafeteria.  Defendant had his left hand on top of Plaintiff's left shoulder.

10.      As he led Plaintiff out of the cafeteria, Defendant intentionally thrust Plaintiff's head against a metal door while Plaintiff was under his physical control

11.      Defendant intended to cause physical injury or physical pain to Plaintiff.

12.      Defendant did cause physical injury and physical pain to Plaintiff.

13.     After the fact, Defendant Winegardner falsely claimed that Mr. Cochran drove his head into the wall using his own force.

14.     Defendant Winegardner had committed many similar instances of excessive force, and he was known to inmates to be a part of officers called the "Hit Squad" because of his repeated uses of excessive force.

15.     In his initial write up of the incident, Defendant Kosanke reported that Plaintiff lunged toward the door "in order to cause harm to himself."   This was false, and it would be clearly contradicted by video and findings of Kosanke's supervisors.

16.     On the previous day, May 5, 2022, Defendant Winegardner had been involved in five separate uses of force. Upon information and belief, these incidents were instances of excessive force.

17.     Upon information and belief, these five incidents were not reviewed by any supervisors, allowing Defendant Winegardner to show up to work on May 6, 2022 secure in the knowledge that he could use excessive force against Plaintiff or any other detainee without reprisal.

18.     Weeks later, the MECC Final Review Committee, which reviews uses of force by officers, found that "the Use of Force [against Plaintiff Cochran] was excessive force and possibly offender abuse."

19.     Plaintiff was in pain because of the incident. In the days and months that followed, he would endure physical and emotional pain because of Defendant's use of excessive force.

20.     Three years later, Defendant Winegardner pleaded guilty to Assault in the Fourth Degree for the incident.

## COUNT I

**Eighth Amendment Claim for Excessive Force**
**Against Defendant Winegardner**

21.     Plaintiff incorporates by reference the above allegations.

22.     Under the Eighth Amendment, as incorporated against the states by the Fourteenth Amendment, Plaintiffs have the right to be free of cruel and unusual punishment, including the unnecessary and wanton infliction of pain by prison officials against them.

23.     By assaulting Plaintiff, Defendant used force maliciously and sadistically, with the intent to cause harm. Defendant's use of force was not deployed in good faith and was not related to any attempt to maintain or restore discipline.

24.     Plaintiff was harmed due to Defendant's actions.

25.     Defendant's conduct was malicious and recklessly indifferent, warranting punitive damages. Defendant purposefully drove Plaintiff's head into a heavy metal door.

26.     Qualified immunity does not protect Defendant from suit because his deliberate actions clearly violated Plaintiff's well-established constitutional rights.

27.     If Plaintiff prevails, he is entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**RELIEF**

28.     Plaintiff requests compensatory damages against Defendant in an amount to be determined at trial, punitive damages against Defendant in an amount to be determined at trial, attorney's fees, costs and disbursements pursuant to law, and such other and further relief as this Court deems just and proper.

Date: July 13, 2026                Respectfully Submitted,

**KHAZAELI WYRSCH LLC**

*/s/ John M. Waldron*
John M. Waldron, 70401MO
James R. Wyrsch, 53197MO
Javad M. Khazaeli, 53735MO
Leah M. Fessler, 76824MO
Brendan D. Roediger 60585MO
911 Washington Avenue, Suite 211
St. Louis, Missouri  63101
(314) 288-0777
(314) 400-7701 (Fax)
jack.waldron@kwlawstl.com
james.wyrsch@kwlawstl.com
javad.khazaeli@kwlawstl.com
leah.fessler@kwlawstl.com
brendan.roediger@kwlawstl.com